UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

IRENE RIGGS, an individual,

    Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC., a Tennessee Corporation,

    Defendant.

NO. 2:17-CV-0342-TOR

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL AND JUDGMENT AS A MATTER OF LAW

BEFORE THE COURT is Defendant's Motion for New Trial and Judgment as a Matter of Law. ECF No. 92. This matter was heard with telephonic oral argument on January 17, 2018. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion for a New Trial and Judgment as a Matter of Law (ECF No. 92) is **DENIED**.

//

//

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL AND JUDGMENT AS A MATTER OF LAW ~ 1

**BACKGROUND**

This case concerns the discharge of Plaintiff Irene Riggs as executive director for Defendant Life Care Centers' Sandpoint facility, a long-term care facility in Idaho. ECF No. 1-2 at ¶¶ 1, 9–10. Plaintiff asserted that she was terminated in violation of the Washington Law Against Discrimination (WLAD) under RCW 49.60.210(1) and Washington State public policy after she reported sexual misconduct in the workplace by her supervisor, Tim Needles, and a subordinate employee, Nurse Caren Bays. *Id.* at ¶¶ 37–46; 31 at 2. Defendant contended that Plaintiff was discharged for abusing a resident. ECF No. 32 at 3.

The jury entered a verdict in favor of Plaintiff and judgment was entered on November 2, 2017. ECF No. 81. In the instant motion, Defendant requests a new trial on Ms. Riggs' retaliation claim and judgment in its favor on her claim of wrongful discharge in violation of public policy.[1] ECF No. 92 at 1.

**DISCUSSION**

**I.   New Trial for the WLAD claim**

Motions for a new trial are governed by Federal Rule of Civil Procedure 59. Under Rule 59, a court may grant a new trial "only if the verdict is contrary to the

---

[1] Defendant correctly noted its Motion as a thirty-day, non-dispositive motion under Local Rule 7.1(a)(3). ECF Nos. 99 at 2 n.1; 101 at 2.

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL AND JUDGMENT AS A MATTER OF LAW ~ 2

clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000). When ruling on a Rule 59 motion, the court must "weigh the evidence as [the court] saw it" and determine whether the jury's verdict is "contrary to the clear weight of the evidence." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quotation and citation omitted). The court may not, however, grant a new trial "simply because it would have arrived at a different verdict." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001).

Here, Defendant requests a new trial for Ms. Riggs' retaliation claim, arguing that the clear weight of the evidence established that Ms. Riggs did not oppose sex discrimination or what she reasonably believed was sex discrimination. ECF No. 92 at 3. Under WLAD, an employee must show she had an objectively reasonable belief that her employer violated the law, not that the employer did in fact violate the law. *Lodis v. Corbis Holdings, Inc.*, 172 Wash. App. 835, 852 (2013) (citing *Ellis v. City of Seattle*, 142 Wash.2d 450, 460–61 (2000)). There are two types of sexual discrimination claims cognizable under the WLAD: "the quid pro quo sexual harassment claim, where the employer requires sexual consideration from the employee for job benefits, and the hostile work environment claim." *Antonius v. King Cty.*, 153 Wash.2d 256, 261 (2004). The

WLAD requires a "liberal construction of its provisions," cautioning against any construction that would narrow the coverage of the law. *Lodis*, 172 Wash. App. at 848 (citing RCW 49.60.020; *Marquis v. City of Spokane*, 130 Wash.2d 97, 108 (1996)).

Defendant asserts that Ms. Riggs did not complain about quid pro quo harassment or a hostile work environment, but testified that she complained about a consensual relationship between Mr. Needles and Ms. Bays. ECF No. 92 at 3–4. Defendant contends that Ms. Riggs complained that Mr. Needles violated Life Care's Code of Conduct concerning superior-subordinate relationships, not a violation of the WLAD. *Id.* at 4. Defendant emphasizes that Ms. Riggs referenced unlawful conduct in one instance at trial:

> A [Ms. Riggs]: I felt that he was violating the Code of Conduct and --
> 
> Q [Mr. Skidmore]: And --
> 
> A: I'm sorry. That's it.
> 
> Q: And what about the Code of Conduct did you tell him that you felt that he was violating?
> 
> A: The ethical, the moral, the supervisor to a subordinate relationship was unlawful.

ECF Nos. 86 at 55; 92 at 4–5. Defendant argues that this testimony can only be interpreted as referring to the Code of Conduct, not WLAD. ECF Nos. 92 at 5;

101 at 6. Defendant contends that Ms. Riggs referred to Mr. Needles' conduct as unlawful in a question asking her to identify the Code of Conduct provision she believed Mr. Needles had violated. ECF No. 92 at 5. Defendant states, "To interpret Riggs' use of the word 'unlawful' as referring to the WLAD would give it an interpretation Riggs never intended." *Id.*

Plaintiff states that Ms. Riggs testified as to her belief that the conduct was unlawful on several occasions. ECF No. 99 at 4. Plaintiff refers to the above citation, arguing that Ms. Riggs believed the relationship was unlawful based on her review of the harassment policy. *Id.* Additionally, Ms. Riggs read from her exit interview that "yes, they violated unlawfully the Code of Conduct for Life Care; but, no, they did not violate the state and federal health care laws or regulations." ECF Nos. 86 at 79; 99 at 4; 101 at 7. Plaintiff contends that Ms. Riggs' belief of unlawfulness is strengthened by her belief that the conduct violated the Code of Conduct. ECF No. 99 at 5. The Associate Handbook for Field Associates states, "Any form of harassment or discrimination that violates Federal, State, or local law … is a violation of this policy." ECF No. 99-1 at 80 (Ex. B). Plaintiff then argues that it is reasonable for an employee to rely on the employer's Code of Conduct to form a good faith, reasonable belief regarding what is unlawful. ECF No. 99 at 5.

Additionally, Plaintiff emphasizes that Ms. Riggs reported to HR about the "inappropriate relations in the workplace that was affecting [her] staff and the work environment." ECF Nos. 86 at 60; 99 at 4–5. Plaintiff contends that this testimony illustrates a reasonable belief of a hostile work environment because Ms. Riggs was concerned about the effect the alleged sexual misconduct was having on the workplace. ECF No. 99 at 8. Yet, Defendant contends that Ms. Riggs reported to HR merely because the relationship violated Life Care's Code of Conduct. ECF No. 101 at 7.

The Court finds that the jury's verdict is not contrary to the clear weight of the evidence. In considering that the WLAD requires liberal construction of its provisions, the Court determines that Ms. Riggs showed she had a reasonable belief the alleged conduct was unlawful. Ms. Riggs is not required to prove unlawful conduct, merely that she had a reasonable belief of unlawful conduct. She testified that the supervisor to subordinate relationship was unlawful, satisfying her burden to establish a reasonable belief. *See* ECF No. 86 at 55. While her belief of unlawfulness may be construed as referring to the Code of Conduct or a violation of the law, the jury's determination that Ms. Riggs satisfied her burden is not contrary to the clear weight of the evidence. Upon a weighing of the evidence as the Court saw it, the Court concludes that Ms. Riggs met her

burden of establishing a reasonable belief of unlawfulness and denies Defendant's Motion for a New Trial (ECF No. 92).

## II. Judgment as a Matter of Law for the Public Policy Claim

Under Federal Rule of Civil Procedure 50(b), a party may renew an unsuccessful motion for judgment as a matter of law within 28 days of the entry of an adverse judgment. In ruling on such a motion, the court may (1) affirm the entry of judgment on the verdict; (2) order a new trial; or (3) award judgment to the moving party as a matter of law. Fed. R. Civ. P. 50(b). The standard of review is narrow: the court's sole objective is to determine whether, "under the governing law, there can be but one reasonable conclusion as to the verdict." *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001). The court must construe the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002); *Winarto*, 274 F.3d at 1283. The court must also refrain from weighing the evidence and making credibility determinations. *Winarto*, 274 F.3d at 1283; *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007). In sum, a Rule 50(b) motion may only be granted when the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Pavao*, 307 F.3d at 918.

1  Under a claim of wrongful discharge against public policy, a plaintiff must show: (1) that there exists a clear public policy; (2) that discouraging the conduct in which the plaintiff engaged would jeopardize the public policy; (3) that the conduct was a substantial factor in the dismissal; and (4) whether the employer is able to offer an overriding justification for the dismissal. *Rickman v. Premera Blue Cross*, 184 Wash.2d 300, 310 (2015); *Rose v. Anderson Hay & Grain Co.*, 184 Wash.2d 268, 277 (2015).

Here, Defendant timely moves for judgment as a matter of law after moving for a directed verdict at the close of Plaintiff's case and again before the case went to the jury. *See* ECF Nos. 87 at 79, 185; 92 at 7. Defendant contends that a judgment for Life Care on the wrongful discharge claim is warranted as Ms. Riggs did not prove the clarity or jeopardy elements as a matter of law. ECF No. 92 at 5. Defendant asserts that because Ms. Riggs claimed the public policy was the WLAD's prohibition against sex discrimination, she had to prove the existence of sex discrimination. *Id.* at 6. Upon denying Defendant's motion at trial, the Court noted that Ms. Riggs used the term "unlawful" in reference to the supervisor to subordinate relationship. ECF No. 87 at 93. Yet, Defendant contends that her use of the word "unlawful" does not establish the clarity element because it does not prove the existence of sex discrimination. ECF No. 92 at 7–8.

The Court finds that Defendant misinterprets the public policy at issue here. The public policy is not proof of sex discrimination, but the prohibition of retaliating against an employee who opposes what she believes is sex discrimination. The Court stated in its jury instructions that the first element is "a clear public policy against retaliation," meaning retaliation in the context of reporting alleged sex discrimination under WLAD. ECF No. 74 at 15. The Court directed the jury that if it found Defendant terminated Plaintiff in violation of WLAD, then a clear public policy against retaliation is also established. *Id.* There is no requirement that the jury must find the actual existence of sex discrimination to find a public policy against retaliation for a report of alleged sexual misconduct.

In regards to the jeopardy claim, a plaintiff must show that either her conduct was directly related to the public policy or necessary for effective enforcement. *Rickman*, 184 Wash.2d at 310. Here, Defendant argues that Ms. Riggs had to prove her conduct was directly related to, or was necessary for the effective enforcement of, WLAD's prohibition of sex discrimination. ECF No. 92 at 7. Defendant states that Ms. Riggs' belief that there was a violation was not enough to satisfy the jeopardy element. *Id.*

The Court disagrees and finds that the jeopardy element was met. When an employee is fired in retaliation for reporting employer misconduct, then an employee has met her burden of establishing that her termination for reporting

alleged sex discrimination contravenes a clear public policy.  *See Rose*, 184 Wash.2d at 287; *see also Gardner v. Loomis Armored Inc.*, 128 Wash.2d 931, 936 (1996).  Ms. Riggs established that she was terminated for reporting sexual misconduct in violation of WLAD, thereby contravening a clear public policy against retaliation.  The burden then shifted to Defendant who failed to establish that Ms. Riggs' termination was for alleged resident abuse.

When viewing the evidence in the light most favorable to Plaintiff, the Court finds that Defendant fails to establish that there is only one reasonable conclusion which is contrary to the jury's verdict.  Accordingly, the Court denies Defendant's request for judgment as a matter of law.

### III. New Trial for the Public Policy Claim

Alternatively, Defendant requests a new trial for the wrongful discharge claim.  ECF No. 92 at 8.  First, Defendant reasserts its argument in regards to the retaliation claim and argues that Plaintiff also fails to establish protected conduct for the wrongful discharge claim.  *Id.*  The Court disagrees and finds that Ms. Riggs sufficiently showed a reasonable belief that the conduct was unlawful.

Second, Defendant argues that it is entitled to a new trial on the wrongful discharge claim based on erroneous jury instructions and special verdict form.  *Id.*  Defendant argues that there is no public policy against retaliation, but the instruction should have stated that there is a clear public policy against

discrimination in violation of the WLAD. *Id.* at 9. Defendant asserts that the instruction was incorrect when it stated that a violation of public policy exists if Life Care terminated Ms. Riggs in violation of the WLAD. *Id.* Defendant contends that Plaintiff was required to prove there was an actual violation of public policy, not a good faith belief that an employer had violated public policy, as the public policy tort is narrower than WLAD. *Id.* The Court has already addressed this contention above and finds that the Court correctly stated the public policy element.

Additionally, Defendant states that Question No. 2 was confusing and misstated the law. *Id.* at 10. The question reads, "Has Plaintiff proved under public policy, by a preponderance of the evidence, that Plaintiff's report of alleged misconduct was a substantial factor motivating Plaintiff's termination and that Defendant did not offer an overriding justification for the dismissal?" ECF No. 74 at 16. Defendant contends that this question erroneously asked the jury to identify the public policy. The Court finds that it properly informed the jury that a public policy exists if the jury found Defendant terminated Plaintiff in violation of WLAD. The Court did not require nor ask the jury to determine the public policy requirement, which is a question of law. *See Gardner*, 128 Wash.2d at 937.

Defendant argues that the instruction was also erroneous because it asked whether Ms. Riggs' report of alleged misconduct was a substantial factor. ECF

No. 92 at 10. Defendant again reasserts that a report of alleged misconduct is insufficient and Ms. Riggs had to prove the clarity and jeopardy elements, but the Court has already determined that Ms. Riggs satisfied her burden of proof for this issue. *Id.*

Accordingly, the Court denies Defendant's request for a new trial on the wrongful discharge claim, as the jury instructions and special verdict form are not erroneous.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for a New Trial and Judgment as a Matter of Law (ECF No. 92) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 17, 2018.



THOMAS O. RICE
Chief United States District Judge