UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IRENE RIGGS, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LIFE CARE CENTERS OF AMERICA, INC., a Tennessee Corporation,<br><br>　　　　　　　　　Defendant. | NO. 2:17-CV-0342-TOR<br><br>ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ADVERSE TAX CONSEQUENCES AND ADDITIONAL FEES AND COSTS |

BEFORE THE COURT is Plaintiff's Supplemental Motion for Adverse Tax Consequences and Additional Fees and Costs. ECF No. 107. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Supplemental Motion for Adverse Tax Consequences and Additional Fees and Costs (ECF No. 107) is **GRANTED**.

//

ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ADVERSE TAX CONSEQUENCES AND ADDITIONAL FEES AND COSTS ~ 1

# BACKGROUND

This case concerns the discharge of Plaintiff Irene Riggs as executive director for Defendant Life Care Centers' Sandpoint facility, a long-term care facility in Idaho. ECF No. 1-2 at ¶¶ 1, 9-10. Plaintiff asserted that she was terminated in violation of the Washington Law Against Discrimination (WLAD) under RCW 49.60.210(1) and Washington State public policy after she reported sexual misconduct in the workplace by her supervisor and a subordinate employee. ECF *Id.* at ¶¶ 37-46; 31 at 2. Defendant contended that Plaintiff was discharged for abusing a resident. ECF No. 32 at 3.

The jury entered a verdict in favor of Plaintiff and judgment was entered on November 2, 2017. ECF No. 81. The jury awarded back pay and benefits of $232,356, front pay of $801,576, and loss of enjoyment of life of $500,000. ECF No. 78 at 2. On January 17, 2018, the Court denied Defendant's Motion for a New Trial and Judgment as a Matter of Law. ECF No. 105.

The Court granted in part and denied in part Plaintiff's Motions for Tax Offset, Prejudgment Interest, and Attorneys' Fees. ECF No. 106. In regards to the adverse tax consequences, the Court ordered the parties to supplement their reports to accommodate for the new tax rate differential effective for the calendar year 2018. ECF No. 106 at 10-11. Both parties have filed supplemental reports. ECF Nos. 107; 115; 116.

## DISCUSSION

### A. Offset for Adverse Tax Consequences

Under WLAD, a plaintiff who prevails in a discrimination lawsuit is entitled to an offset for the additional federal income tax consequences incurred as a result of the damage award. *Blaney v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 160*, 151 Wash.2d 203, 217 (2004). Here, the Court addresses the parties' supplemental tax offset calculations for Ms. Riggs' federal and state income tax, taking into consideration the new tax laws effective in 2018. Plaintiff requests $281,527 be awarded in a tax offset. ECF Nos. 107 at 1; 107-2 at 3. Plaintiff's forensic economist, William G. Brandt, revised his analysis to conform to the new tax law and determined that the new law requires this upward adjustment to compensate Plaintiff for the added income tax burden caused by the lump sum nature of the award. ECF Nos. 107 at 2; *see also* 107-2.

Defendant's expert, Dennis R. Reinstein, asserts that Plaintiff will incur $129,065 in additional federal and state tax liability. ECF Nos. 115 at ¶ 3; 115-1 at 2 (Ex. A). Mr. Reinstein explains that the differential in taxes arises from the fact that some of Mr. and Ms. Riggs' income will be taxed at higher rates, but some of their income over the relevant loss period will now be taxed at lower marginal rates. ECF No. 115-1 at 3. The Riggs' income tax returns filed from 2019 through the remaining years of Ms. Riggs' work life will be taxed at lower rates than her

expected pretermination wages would have been because the Riggs' joint income will be lower. *Id.* Additionally, the interest element embedded in the award will be taxed at a lower rate than the wages it replaces because the Riggs will be in a lower tax bracket and thus, unlike wages, the interest income will not be subject to payroll tax. *Id.* at 4.

Plaintiff replies with a rebuttal from Mr. Brandt, showing the flaws in Mr. Reinstein's analysis that would result in Ms. Riggs' damages fund being exhausted more than one year before all losses are recovered. ECF No. 116 at ¶ 3. Mr. Brandt explains that there are two alternative calculation approaches to assess the after-tax losses of the Plaintiff in an employment action. *Id.* at 3. Either calculation will yield the same answer if properly applied. *Id.* The first method is to calculate the sum of all lost income streams, with future amounts discounted at an after-tax rate, and then reduce that amount by the sum of all residual income streams, calculated and discounted in a similar manner, before consideration of damage compensation. *Id.* The second method is to project all lost and residual income streams in past and future nominal dollars, and then introduce an interest-earning damage compensation fund. *Id.* This fund would then be projected with a beginning balance sufficient to provide the Plaintiff with nominal annual withdrawals to compensate her for losses in each respective year, with a fund

1  balance that would fully exhaust once all losses have been recovered by Plaintiff.

2  *Id.* at 3-4.

3      Mr. Brandt states that Mr. Reinstein's report "mix[es] these methods in a

4  manner that effectively double-counts the discount." *Id.* at 4. Mr. Brandt

5  specifically highlights and explains the flaws in Mr. Reinstein's calculations. *See*

6  ECF No. 116 at 5-7. Mr. Brandt alleges that Mr. Reinstein's calculation of

7  residual income and damage compensation erroneously added damage fund

8  interest for future years on specific lines of Schedule 1, even though the full

9  present value of that compensation had already been included in the "award"

10 column of that schedule. *Id.* at 4. Mr. Brandt insists that Mr. Reinstein then

11 improperly compared the totals with the damage fund interest to the present value

12 of lost income streams, for which the time value of money had been completely

13 removed. *Id.*

14     To explain this double-counting error, Mr. Brandt creates a damage

15 assessment with Mr. Reinstein's calculations to show that the tax adjustment of

16 $129,065 would fall far short of allowing Ms. Riggs to recover her after-tax losses.

17 *Id.* at 4, 8. Mr. Brandt states that he created such an assessment for his own

18 adverse tax adjustment of $281,527, showing that this amount will enable Ms.

19 Riggs to fully recover her projected losses, with a fund that would be fully

20

ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ADVERSE
TAX CONSEQUENCES AND ADDITIONAL FEES AND COSTS ~ 5

1  exhausted after the last annual loss is recovered from the fund. ECF Nos. 116 at 4;
2  107-2 at 6.
3      Mr. Brandt explains that Mr. Reinstein found an after-tax discount rate of
4  2.44%, meaning that the Riggs' residual incremental tax rate was 15%. ECF No.
5  116 at 4, 8. Yet, Mr. Brandt asserts that the Riggs' residual income will actually
6  place them in at least the 22% incremental tax bracket for federal taxes and the
7  7.4% incremental tax bracket for Idaho income taxes, combining to an incremental
8  rate of 29.4%. *Id.* at 8. In spite of Mr. Reinstein's report substantially overstating
9  the after-tax yield the damage fund stands to make and thus underestimating the
10 amount needed for adverse taxes, Mr. Brandt still applied Mr. Reinstein's rate of
11 2.44% to emphasize the double-counting error in Mr. Reinstein's analysis. *Id.* In
12 analyzing this damage assessment with Mr. Reinstein's calculations, Mr. Brandt
13 found that the damage fund exhausts by early 2026, one year before losses are fully
14 recovered. *Id.*
15     After reviewing both experts' calculations, the Court finds that additional
16 taxes and an upward adjustment is appropriate, as Plaintiff would not owe this tax
17 liability if she had been paid in the ordinary course of employment rather than a
18 lump sum payment. The Court finds that Plaintiff's expert, Mr. Brandt, correctly
19 calculated the required tax offset. The Court agrees with Mr. Brandt's analysis that
20 Mr. Reinstein incorrectly mixed calculation methods to double-count the discount.

1  Mr. Brandt's conclusion that Ms. Riggs' damages fund would be exhausted by

2  early 2026 before her losses are fully recovered is persuasive to reveal the

3  shortfalls of Mr. Reinstein's calculations.  *See* ECF No. 116 at 8.  The Court

4  concludes that Mr. Brandt's analysis of $281,527 as the required supplemental

5  adverse tax compensation required for Ms. Riggs to recover the full year-by-year

6  after-tax losses is correct.  *See* ECF No. 107-2 at 6.  Accordingly, the Court grants

7  Plaintiff's Supplemental Motion for Adverse Tax Consequences (ECF No. 107) in

8  the amount of $281,527.

9    **B. Attorney's Fees and Litigation Expenses**

10    Plaintiff requests an additional $8,340 in attorney's fees and $1,000 in

11  expenses incurred since December 8, 2017.  ECF No. 107 at 1.  The Court

12  previously entered an order awarding Plaintiff's attorneys' fees and expenses.

13  ECF No. 106.  The Court found the rate of $300 per hour reasonable, awarded the

14  requested Lodestar fees, and awarded all expenses from Mr. Brandt charged

15  through December 7, 2017.  *Id.* at 11-32.

16    Plaintiff asserts that since December 7, 2017, she has incurred additional

17  attorneys' fees and expenses in litigating post-judgment matters including

18  Defendant's Motion for a New Trial and Judgment as a Matter of Law.  ECF No.

19  107 at 3.  Plaintiff now seeks those fees and expenses incurred from December 8,

20  2017 to the present.  *Id.*  Mr. Skidmore declares that Plaintiff's attorneys spent at

1  least 28.30 hours in regards to Defendant's motion, thereby seeking an additional
2  $8,340 in fees. ECF No. 107-1 at ¶¶ 3-4, 4-5 (Ex. 1). Plaintiff also incurred the
3  added expense of $1,000 for Mr. Brandt's additional adverse tax consequences
4  analysis based on the new tax law. *Id.* at ¶ 5, 7 (Ex. 2). Defendant does not
5  address Plaintiff's request for additional attorneys' fees. *See* ECF No. 115.

6  The Court previously determined that a rate of $300 in the Seattle area with
7  the same level of experience is reasonable. ECF No. 106 at 23. The Court also
8  granted attorneys' fees for litigating post-judgment motions. *Id.* at 24-25. The
9  Court has thoroughly reviewed the additional itemized billing submitted by
10 Plaintiff's counsel and finds that the request is reasonable. *See* ECF No. 107-1 at
11 1-5. Considering that the rate and hours are reasonable and that Defendant did not
12 object, the Court grants Plaintiff's request for an additional $8,340 in attorneys'
13 fees.

14 In regards to Mr. Brandt's fees, the Court previously found the requested
15 expert fees reasonable and granted his fee request of $2,612.50. ECF No. 106 at
16 31. Here, the Court finds that Mr. Brandt's requested fees are reasonable and
17 grants the additional expense of $1,000 for the supplemental tax analysis. *See* ECF
18 Nos. 107-1 at 7 (Ex. 2); 107-2 at 1-2.

19 //

20 //

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Supplemental Motion for Adverse Tax Consequences and Additional Fees and Costs (ECF No. 107) is **GRANTED**.

    a. Plaintiff is awarded a tax offset in the amount of $281,527.

    b. Plaintiff is awarded attorneys' fees in the amount of $8,340.

    c. Plaintiff is awarded litigation expenses in the amount of $1,000.

2. Interest on these amounts shall accrue at the statutory rate provided by 28 U.S.C. § 1961, as of the date of this Order.

3. The Clerk of Court shall enter an Amended Judgment reflecting all the post-trial awards and the corresponding applicable interest rates as of the date of each award.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

**DATED** March 21, 2018.



THOMAS O. RICE
Chief United States District Judge